# Budget Charge Accounts, Inc. v. Shapson and Schwartz

*Robert W. Valimont,* for plaintiff.

*Isaac S. Garb,* for defendants.

BIESTER, P. J., December 27, 1963.—This matter is before us on defendants' motion for judgment on the pleadings, involving the defense of the statute of limitations.

We are informed by the pleadings that on February 3, 1953, the individual defendants were officers and principal stockholders of Lamar Home Furnishers Company (hereinafter referred to as "Lamar") and that on and after that date plaintiff purchased consumer installment obligations from Lamar. As an inducement to plaintiff to purchase such obligations, defendants executed a written guarantee with respect to payments of each and every obligation purchased by plaintiff from Lamar. As of March 21, 1961, it is alleged that plaintiff found there to be obligations totalling $6,037.37, which are said to be uncollectable and, hence, the suit on the guarantee contract.

The suit was instituted by the filing of a writ of summons in the office of the prothonotary on December 30, 1960, followed by the filing of the complaint

on May 23, 1961. On July 21, 1961, defendants filed an answer containing new matter, the latter alleging that Lamar, referred to in the contract as the Dealer, was adjudicated a bankrupt on January 26, 1954. Plaintiff's reply to the new matter admits the bankruptcy and the date thereof. The pleadings, therefore, appropriately raise the legal question respecting the effect of the bankruptcy as limiting the time when suit might be instituted, which, in turn, requires an overall construction of the written contract between the parties, including a clause therein upon which defendants rely in contending that the statute of limitations has run.

The clause is as follows:

"In case of the insolvency or failure in business of the Dealer or any of us, or in the event that any petition under the Bankruptcy Act or for a receiver be filed in any court by or against the Dealer or any of us, or any assignment for the benefit of creditors be made by the Dealer or any of us, or an application be made for a writ of attachment against any property of the Dealer or any of us, then all obligations hereby guaranteed shall be deemed, for the purpose of this guaranty, to be immediately due and payable and the liability of the undersigned shall accrue, all without demand or notice."

Our research has failed to disclose any cases directly controlling of the problem presented to us, and we have been furnished none by able counsel. There are, however, many cases in other jurisdictions treating of the analogous subject of the effect of absolute acceleration provisions in the case of default, which deal primarily with mortgages, notes and similar instruments. Unfortunately, there is a definite split of authority on the subject, some courts holding that the provision is automatic and that the statute of limitations begins to run on default, and others holding that,

notwithstanding the absolute character of the provision, the statute does not begin to run until the creditor elects to declare the entire obligation to be due and payable. The theory of the latter cases is that the acceleration provision is for the sole benefit of the creditor and, therefore, it is optional with him whether he desires to take advantage of it and, until he does, such a provision in and of itself is ineffective to start the operation of the statute. Many of the cases dealing with the subject and disclosing the divergence of opinion in respect thereto may be found in 34 A. L. R. 903, 159 A. L. R. 1078, and 161 A. L. R. 1211. See also Limitations of Actions, 54 C. J. S. §150. We find ourselves in accord with what appears to be the majority view of these cases that acceleration clauses, although absolute in terms, nevertheless leave an option to the creditor as to whether or not he wishes to take advantage of such a provision.

We think that this rule is particularly applicable to the indemnity contract we have before us. "In order to determine the meaning of the agreement, we must examine the entire contract since it is well settled that in construing a contract the intention of the parties governs and that intention must be ascertained from the entire instrument taking into consideration the surrounding circumstances, the situation of the parties when the contract was made and the objects they apparently had in view and the nature of the subject matter": Mather Estate, 410 Pa. 361, 366-67 and cases there cited.

The purpose of the present agreement was clearly to induce plaintiff to purchase from Lamar the obligations of that dealer's customers and guaranteed the "due payment to you of each and every such obligation so purchased by you from the Dealer and the due performance of each and every obligation and undertaking of the Dealer to you." The overall purpose of the

contract, therefore, is unrelated to the purely artificial cutoff date provided for by the dealer's bankruptcy, and it is apparent that the contested clause was inserted for the protection of plaintiff. In addition, the contract contains a provision that "This is a continuing guarantee and should remain in full force and effect until written notice shall have been actually received by you that it has been revoked by us" (the defendants), and, again, that "A waiver by you of any of your rights shall not be considered as a continuing waiver, but shall apply only to the instance to which it is specifically directed."

We gather from the pleadings in their entirety that rather than pursue the remedy set forth against the guarantors when the company of which they were the officers and principal stockholders became bankrupt, plaintiff attempted to collect the accounts from the dealer's customers. This forbearance of plaintiff to institute action against defendants is now being used as a weapon to deny its right to recover. It is quite apparent that this forbearance may have been, and apparently was, of value to defendants, as the pursuit of the individual debtors reduced their responsibility on the guarantee contract. We believe it would be unjust to penalize plaintiff for its forbearance.

Defendants would appear to contend in their briefs supplied to us that the law of New Jersey applies to the contract in question. However, the provisions of the Act of May 4, 1939, P. L. 42, sec. 4, 28 PS §294, have not been complied with, and in any event there is no contention that the statute of limitations as to similar suits in assumpsit differs between the States of New Jersey and Pennsylvania.

*Order*

And now, to wit, December 27, 1963, defendants' motion for judgment on the pleadings is hereby denied, overruled and refused.